**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Dwight Hunley,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Orbital Sciences Corporation; Richard Mark Haynie; Louis M. Amorosi and Gina M. Amorosi; Richard L. Fahrner and Janet R. Fahrner; Ronald J. Grabe and Lynn O'Keefe-Grabe; Mark J. Ogren and Cindy L. Ogren; Satya Prasad Maganty and Sowbhagya L. Maganty; Brian T. Mullet and Lisa E. Mullet; Michael G. Sims and Patricia C. Treharne; Richard S. Straka and Purna R. Straka; Craig N. Stuart and Susan K. Wyman; Charles M. Whitmeyer and Sandra L. Whitmeyer,<br><br>　　　　Defendants. | No. CV-05-1879-PHX-DGC<br><br>**ORDER** |

Pending before the Court are Defendants' motions to dismiss and Plaintiff's motions to amend the complaint. For the reasons set forth below, the Court will permit Plaintiff to file an amended complaint, deny the motions to dismiss without prejudice, and set a litigation schedule pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.[1]

---

[1] The Court will deny Plaintiff's request for oral argument because oral argument will not aid the Court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

**Background**

Plaintiff commenced this action by filing a complaint against Defendants on June 22, 2005. Doc. #1. Plaintiff filed an amended complaint on October 19, 2005. Doc. #_. The amended complaint was served on Defendant and purports to state seven causes of action: violations of the Americans with Disabilities Act, violation of the False Claims Act, defamation of character, false light invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, and civil conspiracy. *Id.* Defendants filed ten motions to dismiss the amended complaint on December 8, 2005. Docs. ##25-34.

On February 16, 2006, Plaintiff filed a motion to amend complaint to cure defects in the amended complaint and to properly state a retaliation claim under the False Claim Act against Defendant Orbital Sciences Corporation. Doc. #45. Plaintiff attached a proposed second amended complaint to his motion. *Id.* Attach. 1. On February 28, 2006, Plaintiff filed a second motion to amend complaint to cure defects in the amended complaint and to properly state various statutory and common law claims against the individual Defendants. Doc. #49. Plaintiff attached a proposed third amended complaint to his motion. *Id.* Attach. 1. On April 12, 2006, Plaintiff filed a third motion to amend complaint to cure any remaining defects in the amended complaint. Doc. #58. Plaintiff lodged a revised version of the proposed second amended complaint. Doc. #59.

**Discussion**

The decision to grant or deny a motion to amend complaint under Rule 15 of the Federal Rules of Civil Procedure is within the discretion of the Court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). The Court's discretion to deny leave to amend, however, is not absolute. *See United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001). "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d. 1466, 1472 (9th Cir. 1987). In exercising its discretion, the Court "'must be guided

by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities. . . . Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted); *see Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (stating that leave to amend is generally allowed with "extraordinary liberality").

Consistent with the liberal amendment standard of Rule 15, the Court will grant Plaintiff's third motion to amend the complaint. The Clerk will be ordered to file the revised second amended complaint lodged as Doc. #59. However, given the fact that this case has been pending for more than ten months and has not yet progressed beyond the pleading stage, as well as the fact that Plaintiff has had ample opportunity to amend his pleadings (proposing three amended pleadings in response to Defendants' motions), the Court concludes that the time for amending pleadings has closed. The Court will not entertain further amendments absent a showing of good cause. *See* Fed. R. Civ P. 16(b).

Because Defendants' motions to dismiss are directed at the now inoperative amended complaint, the Court will deny the motions without prejudice. Defendants may move to dismiss or otherwise respond to the revised second amended complaint pursuant to the schedule set forth below.

**IT IS ORDERED:**

1. Defendants' motions to dismiss (Docs. ## 25-34) are **denied** without prejudice.
2. Plaintiff's first and second motion to amend complaint (Docs. ##45, 49) are **denied** as moot.
3. Plaintiff's motion to amend reply to first motion to amend complaint (Doc. #53) is **denied** as moot.
4. Plaintiff's third motion to amend complaint (Doc. #58) is **granted**.
5. The Clerk shall file the lodged revised second amended complaint (Doc. #59).
6. Plaintiff's motions for extensions of time to file replies (Docs. ##54, 56) are **denied** as moot.

1     7.    Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the following
2 schedule shall governing this litigation:

3     a.    The time for amending pleadings has closed.

4     b.    Defendants shall answer or otherwise respond to the revised second
5 amended complaint by **May 18, 2006**.

6     c.    Plaintiff shall file responses to any motions to dismiss the revised
7 second amended complaint or other motions filed under Rule 12 of the Federal Rules of Civil
8 Procedure by **June 2, 2006**.  Plaintiff is advised that his failure to timely respond to a motion
9 may be deemed a consent to the granting of the motion.  *See* LRCiv 7.2(i).

10     d.    Defendants shall file any replies by **June 23, 2006**.

11     e.    The Court will issue a second scheduling order under Rule 16(b) once
12 Defendants have responded to the revised second amended complaint and the Court has
13 resolved any motions filed under Rule 12.

14 DATED this 2nd day of May, 2006.

*[signature: Daniel G. Campbell]*

David G. Campbell
United States District Judge

- 4 -