1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9  James Dwight Hunley,                    )    No. CV-05-1879-PHX-DGC
                                           )
10            Plaintiff,                    )    **ORDER**
                                           )
11 vs.                                      )
                                           )
12 Orbital Sciences Corporation; Richard    )
   Mark Haynie; Louis M. Amorosi and       )
13 Gina M. Amorosi; Richard L. Fahrner      )
   and Janet R. Fahrner; Ronald J. Grabe   )
14 and Lynn O'Keefe-Grabe; Mark J. Ogren   )
   and Cindy L. Ogren; Satya Prasad         )
15 Maganty and Sowbhagya L. Maganty;        )
   Brian T. Mullet and Lisa E. Mullet;      )
16 Michael G. Sims and Patricia C.          )
   Treharne; Richard S. Straka and Purna R.)
17 Straka; Craig N. Stuart and Susan K.     )
   Wyman; and Charles M. Whitmeyer and     )
18 Sandra L. Whitmeyer,                     )
                                           )
19            Defendants.                   )
                                           )
20 _____ )

21

22        Defendants have filed a motion for entry of partial final judgment pursuant to

23 Rule 54(b) of the Federal Rules of Civil Procedure.  Dkt. #81.  Plaintiff has filed a response

24 and Defendants have filed a reply.  Dkt. ##85, 87.  For the reasons set forth below, the Court

25 will deny the motion.

26 **I.    Background.**

27        Defendant Orbital Sciences Corporation ("Orbital") develops, manufactures, and

28 operates satellite launch vehicles and related space systems.  Orbital hired Plaintiff in 1996

as an engineer and technical staff member. The individual Defendants are Plaintiff's managers and their spouses.

The operative complaint in this case purports to allege six claims for relief against various Defendants: violations of the Americans with Disabilities Act, violation of the False Claim Act, defamation of character, intentional infliction of emotional distress, negligent infliction of emotional distress, and civil conspiracy. Dkt. #65. On August 23, 2006, the Court issued an order granting in part and denying in part Defendants' motion to dismiss the complaint for failure to a claim for relief. Dkt. #72. Based on that order, the only claims remaining in the case are the statutory claims against Defendant Orbital.

**II.    Discussion.**

Defendants move for entry of final judgment on all of the dismissed claims pursuant to Rule 54(b).[1] Defendants contend that the individual Defendants should not be subject to the personal inconvenience of monitoring the case or the stigma of pending litigation in the public records. Defendants note that pending litigation causes stress for the individual Defendants and can create an obstacle when applying for jobs or loans that require background checks. Dkt. #81. Plaintiff argues that entry of partial final judgment at this time would place the heavy burden on him of having to both file an appeal and litigate the remaining claims in this Court. Dkt. #85.

Having carefully considered the parties' briefs and the applicable law, the Court finds that entry of partial final judgment is not appropriate at this time. None of the individual Defendants claim that they have actually applied for a job or a loan requiring a background check. Moreover, the public record in this case clearly shows that the individual Defendants have been dismissed. *See* Dkt. #72. Finally, the Court concludes that some of the dismissed

---

[1]Rule 54(b), provides, in pertinent part:

When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for dely and upon an express direction for the entry of judgment.

1  claims involve factual issues similar to those raised by the remaining claims.  In short, this

2  case is typical of cases in which all individual defendants have been dismissed and only a

3  corporate defendant remains.  The Court thus concludes that granting the "Rule 54(b) request

4  does not comport with the interests of sound judicial administration."  *Wood v. GCC Bend,*

5  *L.L.C.*, 422 F.3d 873, 879 (9th Cir. 2005); *see Lindsay v. Beneficial Reinsurance Co.*, 59 F.3d

6  942, 951 (9th Cir. 1995) (holding that the bankruptcy court erred in entering partial final

7  judgment under Rule 54(b) and warning against "[t]he dangers of profligate Rule 54(b)

8  determinations"); *Frank Briscoe Co. v. Morrison-Knudsen Co.*, 776 F.2d 1414, 1416 (9th

9  Cir. 1985) ("'Judgments under Rule 54(b) must be reserved for the unusual case in which the

10  costs and risks of multiplying the number of proceedings and of overcrowding the appellate

11  docket are outbalanced by the pressing needs of the litigants for an early and separate

12  judgment as to some claims or parties. . . .  A similarity of legal or factual issues will weigh

13  heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will

14  be proper only where necessary to avoid a harsh and unjust result[.]'") (quoting *Morrison-*

15  *Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).

16  **IT IS ORDERED** that Defendants' Rule 54(b) motion (Dkt. #81) is **denied**.

17  DATED this 8th day of December, 2006.

18

19

20  _____
   David G. Campbell
   United States District Judge