**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Dwight Hunley, | No. CV-05-1879-PHX-DGC |
| Plaintiff, | No. CV-06-2567-PHX-DGC (Consolidated) |
| vs. | **ORDER** |
| Orbital Sciences Corporation, et al., | |
| Defendants. | |
| James Dwight Hunley, | |
| Counterdefendant, | |
| vs. | |
| Orbital Sciences Corporation, | |
| Counterclaimant. | |

Defendant Orbital Sciences Corporation has filed a motion to dismiss Count IV and portions of Count III of Plaintiff James Dwight Hunley's first amended complaint. Dkt. #128. Defendants Linda and Michael Mascari have joined the motion. Dkt. #155. For the reasons stated below, the Court will grant Defendants' motion to dismiss Count IV and deny Defendant's motion to dismiss portions of Count III as moot.

**I.      Background.**

Plaintiff worked as an engineer for Orbital Sciences Corporation ("Orbital") from August 1996 to April 2006. Dkt. #118 at 5. On August 27 and September 9, 2005, Orbital

distributed emails to at least 110 Orbital employees entitled "Seminar Certificates." *Id.* at 9. The emails included a list of employee names along with a training seminar that each employee had taken or was "associated with." *Id.* at 10. The seminar associated with Plaintiff was entitled "Essentials of Communicating with Diplomacy and Professionalism." *Id.* Other seminar descriptions included "Writing Winning Proposals," "Get Motivated Business Seminar," and "Time Management and Organizational Skills." Dkt. #128-3 at 3-5. The emails requested that the listed employees provide certificates of completion for the seminars. *Id.* at 1. Orbital was required to collect the certificates to receive reimbursement for the costs of the seminars through a job training grant provided by the Arizona Department of Commerce. *Id.*

Plaintiff contends that Defendant placed him in a false light by distributing the two emails to Orbital employees. Dkt. #118 at 30. Defendant argues that Plaintiff has failed to allege sufficient facts and has moved to dismiss the claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff has also brought a claim under the Major Fraud Act ("MFA"), 18 U.S.C. § 1031(h), alleging that Defendant violated the MFA by knowingly and willingly falsifying documents to defraud the United States government and by retaliating against Plaintiff for assisting a government investigation into Orbital's activities. *Id.* at 28-30. Defendant has moved to dismiss this claim insofar as it purports to state a private claim against Defendant for fraud against the government. Dkt. #128 at 14.

**II.    Motion to Dismiss Standard.**

A claim may be dismissed under Rule 12(b)(6) "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When analyzing a complaint for failure to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). A court may not assume that the plaintiff can prove facts different from those alleged in the complaint. *See Jack Russell Terrier Network of N. Cal. v. Am.*

2

*Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

## III. Count IV: False Light Invasion of Privacy Claim.

A plaintiff may assert a false light claim if a defendant knowingly or recklessly publishes false information or innuendo about the plaintiff. *See Hart v. Seven Resorts, Inc.*, 947 P.2d 846, 854 (Ariz. Ct. App. 1997) (citing *Godbehere v. Phoenix Newspapers, Inc.*, 783 P.2d 781, 786 (Ariz. 1989)). The published information must be "highly offensive to a reasonable person." *Id.* The statements must also involve "'a major misrepresentation of [the plaintiff's] character, history, activities or beliefs,' not merely minor or unimportant inaccuracies." *Godbehere*, 783 P.2d at 787 (quoting Restatement (Second) of Torts § 652E cmt. c (1977)). To avoid conflict with First Amendment rights, courts narrowly construe the "highly offensive" standard. *Machelder v. Diaz*, 801 F.2d 46, 48 (2d Cir. 1986). Thus, a plaintiff's "subjective threshold of sensibilities is not the measure, and 'trivial indignities' are not actionable." *Godbehere*, 783 P.2d at 786.

Plaintiff alleges that Defendant's sending of the two emails containing seminar attendance information constituted false light invasion of privacy. Plaintiff asserts that the information, which stated that Plaintiff had attended "The Essentials of Communicating with Diplomacy and Professionalism" seminar, implied to a reasonable person that Plaintiff "was hard to work with, was difficult to communicate with, . . . had engaged in workplace misconduct regarding his interaction with his co-workers and managers, and had negative interpersonal skills, and had negative personality traits." Dkt. #118 at 30. Plaintiff contends that distribution of the emails to Orbital co-workers placed him in a false light, exposing him to "emotional and mental distress and harm to his professional and personal reputation." *Id.* at 30-31.

Plaintiff's claim fails for two reasons.

1   First, Plaintiff does not contend that the information about the seminars was false. The emails therefore did not constitute a "major misrepresentation" of Plaintiff's "character, history, activities or beliefs." *Godbehere*, 783 P.2d at 787.

Second, even drawing all inferences in Plaintiff's favor, the Court finds that the seminar information would not be highly offensive to a reasonable person. Employees might choose to attend a seminar on improving communication skills for any number of non-offensive reasons, including an interest in the subject matter, a desire to enhance already effective communication skills, or a simple desire to receive seminar credit. The listing of the seminar next to Plaintiff's name cannot fairly be characterized as highly offensive to a reasonable person. At most, the communication constituted a non-actionable "trivial indignity," especially when viewed in the context of the long list of other names and seminar titles and the emails' stated purpose of collecting certificates of completion. *See id.* at 786.

For these reasons, Plaintiff has failed to state a claim of false light invasion of privacy. The Court will grant Defendant's motion to dismiss Count IV. *See Silva v. Hearst Corp.*, No. CV97-4142 DDP(BQRX), 1997 WL 33798080, at *2-3 (C.D. Cal. Aug. 22, 1997) (granting motion to dismiss false light claim for failure to meet "highly offensive to a reasonable person" standard); *Cibenko v. Worth Publishers, Inc.*, 510 F. Supp. 761, 766 (D.N.J. 1981) (granting motion to dismiss false light claim).[1]

### IV.   Count III:  Major Fraud Act Claim.

Plaintiff alleges that "Orbital violated the Major Fraud Act and the anti-retaliation provision of the Major Fraud Act, 18 U.S.C.A. 1031(h)." Dkt. #118 at 28. Defendant interprets Plaintiff's allegation as two separate claims: (1) that Defendant defrauded the

---

[1] The Court may properly decide, as a matter of law at the motion to dismiss stage, that the emails are incapable of portraying Plaintiff in a false light. "'[M]aterial which is properly submitted *as part of the complaint* may be considered' on a motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.1994) (quoting *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (emphasis in original)). Similarly, a district court may consider any documents referred to or "whose contents are alleged in a complaint and whose authenticity no party questions." *Id.* at 454.

4

government in violation of the MFA, and (2) that Defendant retaliated against Plaintiff in violation of the anti-retaliation provision of the statute. Dkt. #128 at 14 (citing Dkt. #118 at ¶¶ 95-107). Defendant has moved to dismiss the first of these claims, asserting that the statute does not authorize private parties to sue on behalf of the government for fraud. *Id.* at 15 (citing *Pentagen Tech. Int'l, LTD. v. CACI Int'l*, Nos. 93 Civ. 8512 (MBM), 94 Civ. 0441 (MBM) & 94 Civ. 8164 (MBM), 1996 WL 435157, at *11 (S.D.N.Y. Aug. 2, 1996)). Plaintiff does not dispute that there is no private right of action under the MFA that authorizes private parties to sue on behalf of the government for fraud. Rather, Plaintiff asserts that he "has not pleaded a Major Fraud Act claim for fraud by Orbital." Dkt. #144 at 2. Because Plaintiff makes clear that he is not purporting to state a private claim against Defendant for fraud against the government, Defendant's motion to dismiss that portion of Count III is denied as moot.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Dkt. #128) and the Mascari Defendants' joinder (Dkt. #155) are **granted in part** and **denied in part**.

2. Count IV of Plaintiff's first amended complaint (Dkt. #118) is **dismissed**.

DATED this 27th day of March, 2007.

_David G. Campbell_
David G. Campbell
United States District Judge

5